02-10-501-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00501-CR

 

 


 
 
 Fernando Dominguez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant Fernando Dominguez was charged by indictment
with intentionally or knowingly possessing a usable amount of marijuana—more
than four ounces but at most five pounds—in, on, or within 1000 feet of
Richland Elementary School.[2] 
On March 20, 2008, Appellant apparently pled guilty pursuant to a plea bargain
to the offense as charged in the indictment, and the trial court convicted him
of that offense and sentenced him to ten years’ confinement.[3]  On August 15, 2008, the trial
court granted Appellant’s motion for community supervision following execution
of sentence, ordered that he be released from confinement, suspended further
execution of sentence, and placed him on ten years’ community supervision.[4]

About two years later, the State filed a petition for
revocation, alleging several violations of the conditions of Appellant’s
community supervision.  Appellant pled true to allegations that he violated the
conditions of his community supervision by using cocaine on or about October
27, 2009 and by using marijuana on or about July 15, 2010 and August 6, 2010;
by submitting a diluted urine sample on or about March 11, 2009; by failing to
report in the month of August 2009; and by failing to pay community supervision
fees in the months of August, September, October, and November 2008 and April,
June, and August 2009.  After a hearing, the trial court revoked Appellant’s
community supervision and sentenced him to ten years’ confinement.

Appellant’s court-appointed appellate counsel has filed a
motion to withdraw as counsel and a brief in support of that motion.  In the
brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel’s brief and motion meet the requirements of Anders
v. California[5]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.[6] 
This court afforded Appellant the opportunity to file a pro se response to the Anders
brief, but he did not do so.  The State did not file a brief.

Once an appellant’s court-appointed counsel files a
motion to withdraw on the ground that the appeal is frivolous and fulfills the
requirements of Anders, we are obligated to undertake
an independent examination of the record to see if there is any arguable ground
that may be raised on his behalf.[7] 
Only then may we grant counsel’s motion to withdraw.[8]

We have carefully reviewed the record and counsel’s
brief.  We agree with counsel that the appeal is wholly frivolous and without
merit.  We find nothing in the record that might arguably support the appeal.[9]  Consequently, we
grant the motion to withdraw and affirm the trial court’s judgment.

 

PER CURIAM

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 6, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health
& Safety Code Ann. § 481.121(b)(3) (West 2010), § 481.134(d) (West
Supp. 2011).





[3]See Tex. Penal Code
Ann. § 12.34 (West 2011).





[4]See Tex. Code Crim.
Proc. Ann. art. 42.12, § 6 (West Supp. 2011).





[5]386 U.S. 738, 87 S. Ct.
1396 (1967).





[6]See Stafford v. State,
813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).





[7]See id. at 511.





[8]See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).





[9]See Bledsoe v. State,
178 S.W.3d 824, 827 (Tex. Crim. App. 2005).